# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MAURICE B. TYLER, JR. | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 1:14-cv-00601 (ESH) |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY | ) ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Maurice B. Tyler, Jr. brings this action under the Rehabilitation Act against Washington Metropolitan Area Transit Authority ("WMATA"). Before the Court is defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that plaintiff's claim is time-barred. (Def.'s Mot. to Dismiss, May 7, 2014 [ECF No. 5].) For the following reasons, the Court will deny defendant's motion.

## BACKGROUND

According to the complaint, in November 2010 plaintiff applied for a job as a security officer with defendant and received a "conditional offer of employment" contingent on being in "[s]ufficient physical condition, as determined by a Medical History and Examination, necessary to perform the essential functions of a WMATA Special Police Officer." (Compl. ¶ 7, April 11, 2014 [ECF No. 1].) In October 2011, plaintiff attended an interview at defendant's office and underwent a physical examination and psychological evaluation. (*Id.* ¶¶ 9, 13.) In May 2012,

defendant informed plaintiff that he had not met the standard for employment with WMATA as a result of his psychological evaluation. (*Id.* ¶ 16.) The following month, plaintiff filed a discrimination claim with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶¶ 17, 18.) On January 14, 2014, the EEOC informed plaintiff that they were closing his case and that he had ninety days to file a lawsuit based on the investigated charge. (*Id.* ¶ 24.)

On April 11, 2014, plaintiff filed the pending case, claiming that defendant violated the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*, because it failed to hire him because of a perception that he was disabled (Count I) and failed to determine whether reasonable employment accommodations could be made for his perceived disability (Count II).[1] Plaintiff seeks lost wages and benefits, front pay and benefits, and $300,000 in compensatory damages for pain and suffering, mental anguish, and emotional distress. (*Id.* 6.) Defendant has moved to dismiss the case as time-barred pursuant to Fed. R. Civ. P. 12(b)(6).

## ANALYSIS

The Rehabilitation Act lacks a statute of limitations. *See generally* 29 U.S.C. § 791, *et seq*. When Congress has failed to establish a statute of limitations for a federal cause of action, "federal courts may 'borrow' one from an analogous state cause of action, provided that the state limitations period is not inconsistent with underlying federal policies." *Spiegler v. District of Columbia*, 866 F. 2d 461, 463-64 (D.C. Cir. 1989); *see also Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). The Supreme Court has directed courts borrowing a state limitations period to apply the state's tolling provisions as well, since "in virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling,

---

[1] Although plaintiff's complaint references § 501 of the Rehabilitation Act, that section only applies to federal employees. (Compl. ¶ 1.) Section § 504 pertains to discrimination under federal grants and programs, and WMATA acknowledges that it receives federal financial assistance and that § 504 applies. Rehabilitation Act, 29 U.S.C. § 794 (2006).

revival, and questions of application." *Johnson v. Railway Exp. Agency, Inc.*, 421 U.S. 454, 464 (1975); s*ee also Harding v. Straub*, 490 U.S. 536, 539 (1989); *Bd. Of Regents, Univ. of N.Y. v. Tomanio*, 446 U.S. 478, 485-86 (1980); *J.S. ex rel. Duck v. Isle of Wight County School Bd.*, 402 F.3d 468, 477 (4th Cir. 2005). For Rehabilitation Act claims in this jurisdiction, federal courts have uniformly borrowed the District of Columbia's three-year statute of limitations for personal injury claims. *See, e.g.*, *Adams v. District of Columbia*, 740 F. Supp. 2d 173, 184 (D.D.C. 2010); *Gordon v. District of Columbia*, 605 F. Supp. 2d 239, 244-45 (D.D.C. 2009); *Stewart v. District of Columbia*, No. 04cv1444, 2006 WL 626921, at *11 (D.D.C. Mar. 12, 2006). In a recent decision, however, the District of Columbia Court of Appeals held that a claim under the Rehabilitation Act is "far more similar" to a claim under the District of Columbia Human Rights Act, ("DCHRA"), D.C. Code § 2-1403.16(a) (2001), "than it is to an ordinary personal injury claim" and, therefore, that it would borrow the DCHRA's one-year limitations period. *Jaiyeola v. District of Columbia*, 40 A.3d 356, 364-68 (D.C. 2012).

Relying on *Jaiyeola*, defendant argues that plaintiff's complaint should be dismissed as time-barred because plaintiff filed his complaint in April 2014, almost two years after he was informed by defendant that he would not be hired. (Def.'s Mot. at 4.) In response, plaintiff points out that *Jaiyeola* is not binding precedent, *see Banks v. Chesapeake and Potomac Telephone Co.*, 802 F.2d 1416, 1420 (D.C. Cir. 1986) ("a particular state's characterization of a federal claim for purposes of determining which statute of limitations is applicable is not binding on a federal court"), and urges the Court to continue borrowing the three-year limitations period for personal injury claims. (Pl.'s Resp. to Def.'s Mot. at 1, May 20, 2014 [ECF No. 6].) In the alternative, plaintiff argues that if the one-year limitations period applies, it was tolled while his

EEOC complaint was pending and, thus, had not expired when he filed his federal complaint in April 2014. (*Id*.)

The Court need not decide which statute of limitations to borrow because it agrees with plaintiff that even if the one-year limitations period were applied, it was tolled while the EEOC complaint was pending and had not expired by April 2014. Defendant argues that there can be no tolling because § 504 does not require plaintiffs to exhaust administrative remedies before filing a lawsuit. However, under the DCHRA, the statute of limitations for private causes of action is tolled during the time in which a complainant pursues administrative remedies, regardless of whether the complainant is required to exhaust these remedies before filing a lawsuit, D.C. Code § 2-1403.16, and as previously noted, when a federal court borrows a limitations period, it must also borrow the associated tolling provisions. *Johnson v. Railway Exp. Agency, Inc*., 421 U.S. at 464. Nor is the decision in *Adams* not to toll the running of the statute of limitations for a Rehabilitation Act claim while a plaintiff pursued administrative remedies to the contrary because the court there was borrowing the three-years limitations period for personal injury claims not the one-year limitations period of the DCHRA. *Adams*, 740 F. Supp. 2d at 184 (D.D.C. 2010). Accordingly, the limitations period for plaintiff's claims began to run in May 2012, when WMATA told plaintiff that he would not be hired, but it was tolled from June 2012, when he filed his EEOC complaint, until January 14, 2014, when the EEOC closed his case. Accordingly, when plaintiff filed his complaint in April 2014, he was well within the one-year limitations period.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that defendant's motion to dismiss plaintiff's complaint [ECF No. 4] as

4

time-barred is **DENIED**.

>                              /s/
>  ELLEN SEGAL HUVELLE
>  United States District Judge

Date:   July 3, 2014